## McCABE v. CRUIKSHANK.

(Circuit Court, S. D. New York. January 4, 1901.)

BREACH OF CONTRACT—PLEADING.

A complaint in an action for breach of contract, under which plaintiff was to furnish machinery to defendant for shipping, in accordance with shipping instructions, on notice that the machinery was ready, which alleges notice of readiness, without an allegation of readiness in fact, is demurrable.

At Law. On demurrer.

Percy Jackson, for plaintiff.
H. B. Closson, for defendant.

WHEELER, District Judge. The complaint is on a contract by which the plaintiff was to furnish machinery to the defendant for sea shipment, who was to give shipping instructions upon notice that the machinery was ready, and to pay therefor in cash against the shipping receipt. It alleges notification of readiness to deliver, and refusal to give shipping instructions, and to receive the machinery, or pay. One defense set up is that the machinery was for an inhabitant of Johannesburg, in South Africa, to whom it was to be shipped, and of whom the defendant was an agent, to the knowledge of the plaintiff; and that war broke out there, and that city was besieged and blockaded, making delivery there illegal and impossible before the

notice of readiness to deliver and till after suit brought. The demurrer is to this defense. It reaches back to the first defect, and the defendant relies upon the insufficiency of the complaint as well as upon the defense. Want of allegation of readiness in fact, notwithstanding the allegation of notice of readiness, is the principal lack urged. This seems to be fatal. The complaint may be true, and the plaintiff not have provided any machinery for delivery, and so not have had any right to call upon the defendant for shipping directions. "Tout temps prist" was always necessary in pleading a tender. Bac. Abr. "Tender, H."; Story, Pl. 108; Hume v. Peploe, 8 East, 168. The same would be true as to alleging performance by a plaintiff. Actual existence of a fact is necessary to any notice of it, and an allegation of notice purporting its existence is not an allegation of its existence. Peck v. Collins, 70 N. Y. 376. The contract as set up was between the plaintiff and the defendant, and, although the defendant was an agent, he was to make payment. The war in South Africa might have some effect upon the relations between the defendant and his principal, but that it could affect the contract between him and the plaintiff does not seem clear. However that may be, any defense is sufficient for a defective complaint, and the demurrer must be overruled. Demurrer overruled.